UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JODI JELOUDOV,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK N.A,<br><br>    Defendant. | Case No.  20-cv-02492-VC<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 35, 51 |

    Wells Fargo's motion to dismiss Jeloudov's complaint is granted. Considering the judicially noticeable materials relating to *Gregory Jeloudov v. Wells Fargo Bank, N.A. et al.*, Case No. CGC-15-546027 filed in San Francisco County Superior Court in 2015, including the California Department of Fair Employment and Housing's 2014 right-to-sue letter, it appears that Jeloudov's complaint is time-barred.[1] California Government Code section 12965(b) provides that a civil action for discrimination under Title VII must be filed within one year of the right-to-sue letter issued by the Department of Fair Employment and Housing. Because receiving the letter and adhering to the time-limits in section 12965(b) are mandatory pre-requisites to bringing a Title VII lawsuit, the complaint must include allegations relating to these pre-requisites to sufficiently allege a Title VII claim. *See Williams v. Wolf*, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019) (noting that a plaintiff "must allege compliance with" Title VII administrative processing rules "in order to state a claim on which relief may be granted"). Here, the complaint fails to include any allegations relating to the filing of a complaint with the Department of Fair Employment and Housing, the issuance or receipt of a right-to-sue letter

---

[1] Wells Fargo's request for judicial notice is granted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

from that department, or the length of time between the letter and the filing of this suit.

Dismissal is with leave to amend. However, the materials submitted thus far shed considerable doubt on Jeloudov's ability to proceed with this lawsuit in this Court. She seems to have brought the exact same claims against Wells Fargo in the San Francisco Superior Court action in 2015, and those claims were dismissed with prejudice. *See* Defendant's Request for Judicial Notice Exhibit 4 (Dkt. No. 35-7). Thus, in addition to likely being time-barred, this lawsuit appears barred by principles of res judicata. *See Hako-Med USA, Inc. v. Axion Worldwide, Inc.*, 2010 WL 4448824, at *2 (D. Haw. Oct. 29, 2010). And to the extent Jeloudov's true purpose is to seek relief from the prior judgment entered by the San Francisco Superior Court, this Court cannot provide that relief; Jeloudov must return to the court that actually entered the judgment. Accordingly, Jeloudov is warned that she should only file an amended complaint if she can both allege in good faith that the complaint is not time-barred and argue in good faith that the complaint is not barred by res judicata.

Any amended complaint must be filed within 21 days of this order. A response from Wells Fargo is due 21 days after the filing of the amended complaint. Wells Fargo's motion for sanctions is denied without prejudice to filing a new motion depending on how Jeloudov chooses to proceed.

**IT IS SO ORDERED.**

Dated: September 22, 2020

_____
VINCE CHHABRIA
United States District Judge